UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE TYRELL ARMSTRONG, Inmate Booking No. 23705591,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; CITY OF SAN DIEGO; STATE OF CALIFORNIA; SAN DIEGO DISTRICT ATTTORNEY,<br><br>Defendants. | Case No.: 3:23-cv-1684-CAB-DDL<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

**I.      Procedural History**

On September 7, 2023, Archie Tyrell Armstrong ("Plaintiff"), currently housed at the George Bailey Detention Facility ("GBDF") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

9

On October 26, 2023, this Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (*See* Oct. 26, 2023 Order, ECF No. 5 at 7-8.) Specifically, the Court found that Plaintiff was attempting to challenge the basis for his current detention and ongoing state criminal proceedings. (*See id.* at 5.) To the extent that Plaintiff was requesting that this Court intervene in the state court's proceedings, the Court declined to do so finding that *Younger* abstention was appropriate. (*See id.* citing *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971) (A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions.").  In addition, the Court found that Plaintiff failed to identify any specific Defendant whom he claimed violated his constitutional rights. (*See id.* at 6 citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 7.) On November 7, 2023, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 6.) However, for the reasons set forth below, the Court finds that Plaintiff's FAC, once again, fails to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.    Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not

bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

C.      Analysis

Plaintiff's FAC contains no factual allegations and does not identify any specific constitutional violations. Plaintiff does appear to allege that there are many problems with the "criminal justice system" which "moves along at a great pace, with millions of cases coming [and] going." (FAC at 5.) He names as Defendants the County of San Diego, City of San Diego, State of California, and the San Diego District Attorney. (*See id.* at 2.)

In his claim for relief, Plaintiff raises the issue of "false imprisonment" and seeks $10,271,995.35 in compensatory damages and $10,231,995.35 in punitive damages. Again, to the extent that Plaintiff is asking this Court to intervene with his ongoing state court criminal proceedings, the Court declines to do so for the same reasons set forth in the Court's October 26, 2023 Order and finds that *Younger* abstention is still warranted. *Younger*, 401 U.S. at 46, 53-54.

If Plaintiff has since been convicted and is seeking relief from alleged "false imprisonment," there are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82), *cert. denied*, (Jan. 9, 2017) (No. 16-6556).

To the extent Plaintiff seeks damages and injunctive relief based on claims that he

has been falsely imprisoned, without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff may be seeking damages based on an allegedly unlawful conviction, he may not proceed pursuant to § 1983, unless that conviction and/or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.

Thus, because Plaintiff does not claim to have already invalidated any conviction by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his current FAC must be dismissed in

9

3:23-cv-1684-CAB-DDL

its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).

### III. Conclusion and Order

For the foregoing reasons, the Court:

**DISMISSES** Plaintiff's First Amended Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and the Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: November 16, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge